### PECK v. TRIBUNE CO.

(Circuit Court of Appeals, Seventh Circuit. April 16, 1907.)

No. 1,331.

1. LIBEL—ACTIONABLE PUBLICATION—ADVERTISEMENT CONTAINING PORTRAIT.

The publication by a newspaper of an advertisement containing a portrait of a woman, together with a statement calculated to convey the impression that she is a nurse, and had personally used, and as a nurse had recommended the use of, a certain brand of whisky as a tonic, does not constitute a libel per se, and, in the absence of allegation of special damages, will not support an action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 213.]

2. APPEAL AND ERROR—GROUNDS FOR REVERSAL—FAILURE TO AWARD NOMINAL DAMAGES.

Where there was no request in the trial court for the allowance of nominal damages by a plaintiff and no assignment of error because of the failure to do so, the judgment will not be reversed because of such failure.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 2468.]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

The case in the court below was an action at law by plaintiff in error, a citizen of Iowa, against defendant in error, a corporation organized under the laws of Illinois, to recover damages for the printing in its newspaper by defendant in error of the following advertisement:

# Nurse and Patients
## Praise Duffy's

### Mrs. A. Schuman, One of Chicago's Most Capable and Experienced Nurses, Pays an Eloquent Tribute to the Great Invigorating, Life-Giving and Curative Properties of DUFFY'S PURE MALT WHISKEY.

"For that weak, run-down and gone feeling, it is the best tonic and stimulant in the world."

MRS. A. SCHUMAN.

"After years of constant use of your Pure Malt Whiskey both by myself and as given to patients in my capacity as nurse, I have no hesitation in recommending it, as the very best tonic and stimulant for all weak and run down conditions. At least twenty-five families use it in my own neighborhood, and when I go out nursing patients ask me what to take for that 'gone feeling,' and once that Duffy's is within their reach it is used always."—Mrs. A. Schuman, 1676 Mozart St., Chicago, Ill.

# Duffy's Pure Malt Whiskey

For more than fifty years Duffy's Pure Malt Whiskey has been prescribed by doctors and used in over two thousand leading hospitals as the purest and most powerful tonic-stimulant, invigorator and health-builder known to the medical science. It is endorsed by the clergy and professional nurses and recommended by all schools of medicine as a positive cure for pneumonia, consumption, grip, dyspepsia, indigestion, nervous prostration, all diseases of the throat and lungs, and every form of stomach trouble; malaria, chills, fever, and all run-down, weakened, diseased conditions of the body, brain, mind and muscle. It is a heart tonic, blood purifier and promoter of health and long life; makes the old hearty and young, and keeps the young vigorous and strong. Duffy's Pure Malt Whiskey contains no fusel oil, and is the only whiskey recognized by the government as medicine.

There is but one Duffy's Pure Malt Whiskey. Insist on having the genuine and refuse cheap substitutes and imitations offered by unscrupulous dealers, which are placed on the market for profit only and which are positively harmful to both body and brain. Look for the trade-mark, the "Old Chemist," on the label, and be sure the seal on the bottle is unbroken. Sold in sealed bottles only; never in bulk.

All reliable druggists and grocers, or direct, $1.00 a bottle. Advice and medical booklet free. Duffy's Malt Whiskey Co., Rochester, N. Y.

The averment of the declaration is, that the picture on the face of such advertisement, instead of being that of Mrs. A. Schuman, as stated, was and is, the picture of plaintiff in error, published without her knowledge or consent.

The first two counts of the declaration proceed as for libel, the plaintiff in error denying as stated in the publication respecting Mrs. Schuman, that she was a nurse, and denying as stated in the publication respecting Mrs. Schuman that she had ever used or recommended Duffy's Pure Malt Whiskey. And in these counts the further averment appears:

Plaintiff further states that the allegation in said publication that she does use and has used and does recommend and has recommended the use of said whiskey is false, malicious, scandalous and defamatory: That she is and always has been a non-user and abstainer from whiskey and all spirituous liquors: That the allegation in said publication so charging the plaintiff with the use of whiskey and recommending its use to the public has been and is greatly humiliating to the plaintiff; and that said publication has brought the plaintiff and her family into contempt and ridicule before the world.

Also this averment, that the "effect and meaning of said publication are to charge the plaintiff with the use of whiskey and to publish the same to the world, and to allege and publish of and concerning the plaintiff that she has used Duffy's Malt Whiskey constantly for years and to proclaim to the world that she has been and is a nurse and has and does recommend the use of whiskey to the public."

The last count of the declaration proceeds as for invasion of plaintiff in error's right of privacy, averring that in the printing of this advertisement, the plaintiff in error has been greatly distressed and humiliated.

The general issue having been pleaded, trial was had, resulting in an instruction to the jury by the court, to find a verdict for the defendant—the evidence tending to show that the averments of the declaration, as already stated, were true, but that the defendant in error had no knowledge, at the time of its publication, that the portrait printed was the portrait of plaintiff in error, or was other than the portrait of Mrs. Schuman.

S. C. Irving, for plaintiff in error.

John Barton Payne, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge, after stating the facts, delivered the opinion.

The plaintiff in error indisputably has suffered a wrong, the gist of which is that by the publication of her picture in connection with a patent medicine advertisement, people who recognize the portrait will be led to think that she has loaned her face, and perhaps her name, in a way that a self respecting person would not have consented to. Were the case under review an application for an injunction to restrain future publications, or were it an action at law against the parties consciously responsible for the make-up of the advertisement, a question wholly different from the one presented by this record would be involved.

The first question presented here is, whether the plaintiff in error made out a case of libel in her declaration and proof—the gravamen of the action, as set forth in the declaration, being, that whereas plaintiff in error was not a nurse, and did not either for herself, or as nurse, use Duffy's Malt Whiskey as a tonic, the advertisement was calculated to convey the impression that she was a nurse, and that both for herself, and as nurse, she had used Duffy's Malt Whiskey as a tonic. This being the whole of the libel charged, and there being no averment

of special damages, the question is: Is such a publication libelous per se? We think not. It is not, in our opinion, libelous, per se, to say of a person that she is a nurse, or that she has used as a tonic Duffy's Pure Malt Whiskey, or has recommended its use. Nor do we think that these things said of a person, independently of other averments or circumstances, make out a case to go to a jury for determination. Doubtless there are people, by whom the use of whiskey as a tonic is considered wrong; and there may be people among whom to be a nurse, is considered something less desirable than not to be a nurse. But the world has not yet arrived at a consensus of opinion on these matters, that to say these things of a person is, independently of all other considerations, to libel him.

This brings us to the other count—that the publication of the advertisement is an invasion of plaintiff in error's right of privacy. The difficulty with this count, and with the proof in support of it is that defendant in error stood in relation to the advertisement as printer and distributer only, acting without knowledge that the face printed and distributed was that of plaintiff in error, or was not that of the person whose face it purported to be; and as printer and distributer of matter offered as advertising matter, there cannot be indulged that presumption of malice that might possibly be indulged if the matter were printed as a part of the newspaper's collection of news. Now where there is no malice, and no technical trespass to realty or personalty, or other case involving the adjudication of title, or some other substantial right, which it was important to the plaintiff to establish, the maxim de minimis non curat lex is in some states applied, and recovery for nominal damages not allowed.

But we need not put an affirmance of the judgment below upon this ground. There was no request made in the court below for the allowance of nominal damages. There is no assignment of error that nominal damages were not allowed; so that there may be applied, we think, the doctrine prevailing in Indiana, New York, and other states (no Illinois case, or cases from the United States Supreme Court having been brought to our attention) that a judgment under such circumstances will not be reversed for failure alone to give nominal damages. Rhine, Adm'r, v. Morris, 96 Ind. 81; Platter v. The City of Seymour, 86 Ind. 323; Funk v. The Evening Post Publishing Co., 76 Hun (N. Y.) 497, 27 N. Y. Supp. 1089.

The judgment of the Circuit Court is affirmed.