## PECK, PETITIONER, *v.* TRIBUNE COMPANY.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 191. Argued April 29, 30, 1909.—Decided May 17, 1909.

The publication of a portrait with a statement thereunder imports that the original of the portrait makes the statement even if another name be attached to the statement. *Wandt* v. *Hearst's Chicago American,* 129 Wisconsin, 419; *Morrison* v. *Smith,* 177 N. Y. 366, approved on this point.

Publication of the portrait of one person with statements thereunder as of another, by mistake, and without knowledge of whom the portrait really is, is not an excuse. A libel is harmful on its face, and one publishing manifestly hurtful statements concerning an individual does so at his peril; and, if there is no justification other than that it was news or advertising, he is liable if the statements are false or are true only of some one else. See *Morasse* v. *Brochu,* 151 Massachusetts, 567.

An unprivileged falsehood need not entail universal hatred to constitute a cause of action; to be libellous a statement need not be that the person libelled has done or said something that every one, or even a majority of persons in the community, may regard as discreditable; it is sufficient if the statement hurts the party alluded to in the estimation of an important and respectable part of the community.

A woman, whose portrait is published in connection with an endorsement of a brand of whiskey may be seriously hurt in her standing with a considerable portion of her neighbors and she is entitled to prove her case and go to the jury.

*Quære* and not decided whether the unauthorized publication of a person's likeness is a tort *per se.*

154 Fed. Rep. 330, reversed.

THE facts are stated in the opinion.

*Mr. S. C. Irving,* with whom *Mr. Rufus S. Simmons* and *Mr. Frank J. R. Mitchell* were on the brief, for petitioner:

The article declared upon was libellous and actionable *per se.*

For cases in which a picture was held libellous, see *Morrison v. Smith*, 177 N. Y. 366, 368; *Pavesich* v. *New England Life Ins. Co.*, 122 Georgia, 190; *De Sando* v. *N. Y. Herald Co.*, 85 N. Y. Supp. 111; *Farley* v. *Evening Chronicle Co.*, 113 Mo. App. 216, 223; *Rose Ball* v. *The Tribune*, 123 Ill. App. 235; *Wandt* v. *Hearst's Chicago American*, 129 Wisconsin, 419, 421, 422; *Sheibley* v. *Ashton*, 130 Iowa, 195, 197, 200.

Words must be construed in their ordinary meaning. *Peake* v. *Oldham*, Cowper's Rep. 275, 278; *Woolnoth* v. *Meadows*, 5 East, 463, 473; 2 Erskine's Speeches, 91.

The publication which imputes to a person language known to those among whom she lives to contain false statements is libellous. For definition of libel see *White* v. *Nicholls*, 3 How. 439, 449, 450; Odger, Libel & Slander, ed. from 2d Eng. ed., 293. For effect of pleading general issue, see *Sheahan* v. *Collins*, 20 Illinois, 325.

To charge a person with being a liar is libellous *per se*. *Prewitt* v. *Wilson*, 128 Iowa, 198; *Hake* v. *Brames*, 95 Indiana, 161; *Monson* v. *Lathrop*, 96 Wisconsin, 386; *Lindley* v. *Horton*, 27 Connecticut, 58.

It is the province of the jury to decide under proper instructions from the court whether the article was libellous. *Culmer* v. *Canby*, 101 Fed. Rep 195, 197; *Pfitzinger* v. *Dubs*, 64 Fed. Rep. 696; Townshend's S. & L. (4th ed.) 576; *McDonald* v. *Woodruff*, 2 Dill. 244.

A witness may be asked what impression the alleged libellous words made upon him. *Nelson* v. *Borchenius*, 52 Illinois, 236, 238; *Chiatovitch* v. *Hanchett*, 96 Fed. Rep. 681, 686.

Introduction of a libellous article in evidence and proof of publication establishes the cause of action. *Kraus* v. *Sentinel Co.*, 60 Wisconsin, 425, 430.

Even though the libel does not name the person injured it is sufficient if it can be shown that it refers to him.

Evidence of falsity of defamatory matter may be offered to enhance damages even though the falsity of the publication is admitted by the pleadings.

Though plea of general issue admits falsity as to words of publication, plaintiff may nevertheless prove that words are false as to her when her name is not mentioned in the publication. *Alliance Review* v. *Valentine,* 9 C. C. Rep. (Ohio) 387; *S. C.* 6 Ohio C. Dec. 323.

Though plaintiff's name was not mentioned, still the words of the publication may clearly refer to the plaintiff. *Pavesich* v. *New Eng. Life Ins. Co.,* 122 Georgia, 190; *Barron* v. *Smith,* 19 So. Dak. 50, 54; *Morrison* v. *Smith,* 177 N. Y. 366; *Palmer* v. *Bennett,* 31 N. Y. Supp. 567.

Mistake is no excuse for the publication of a libel as suggested by the opinion in the Court of Appeals. The alleged mistake in this case was an unwarranted assumption of a fact not proved.

Even if proved mistake is no excuse for publishing libel. Mr. Justice Holmes in *Hanson* v. *Globe Newspaper,* 159 Massachusetts, 293, 299; *The King* v. *Woodfall,* Lofft's Rep. 776, 782, Lord Mansfield; Mr. Justice Story in *Dexter* v. *Speare,* 4 Mason, 115; Judge Taft in *Post Publishing Co.* v. *Hallan,* 59 Fed. Rep. 530, 536; *Clark* v. *North American Co.,* 203 Pa. St. 346, 351; *Ransom* v. *McCurley,* 140 Illinois, 626, 636.

But if offered in mitigation of damages it must be pleaded. *Fenstermaker* v. *Tribune,* 35 L. R. A. 611, 615.

*Mr. John Barton Payne,* with whom *Mr. William G. Beale* was on the brief, for respondent:

The publication of the advertisement, together with the picture of the petitioner, was not libellous *per se.* *White* v. *Nicholls,* 3 How. 266; *Pollard* v. *Lyon,* 91 U. S. 225; *Commonwealth* v. *Clap,* 4 Massachusetts, 168; *Sterling* v. *Judgenheimer,* 69 Iowa, 210; *Broughton* v. *McGrew,* 39 Fed. Rep. 672; *Stone* v. *Cooper,* 2 Denio, 293; *Goldberger* v. *Philadelphia Grocer Pub. Co.,* 42 Fed. Rep. 42; *Walker* v. *Tribune Co.,* 29 Fed. Rep. 827.

The advertisement not being libellous *per se,* petitioner cannot maintain an action for the publication of her picture, because it violates her alleged right of privacy. *Schuyler* v.

*Curtis,* 147 N. Y. 436; *Roberson* v. *Rochester Folding Box Co.,* 171 N. Y. 538; *S. C.,* 89 Am. St. Rep. 828, and footnote, p. 844; *Atkinson* v. *Doherty,* 121 Michigan, 372; *Moser* v. *Press Publishing Co.,* 109 N. Y. Supp. 963; *Owen* v. *Partridge,* 82 N. Y. Supp. 248.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action on the case for a libel. The libel alleged is found in an advertisement printed in the defendant's news-paper, The Chicago Sunday Tribune, and so far as is material is as follows: "Nurse and Patients Praise Duffy's—Mrs A. Schuman, One of Chicago's Most Capable and Experienced Nurses, Pays an Eloquent Tribute to the Great Invigorating, Life-Giving and Curative Properties of Duffy's Pure Malt Whiskey. . . ." Then followed a portrait of the plaintiff, with the words "Mrs. A. Schuman" under it. Then, in quotation marks, "After years of constant use of your Pure Malt Whiskey, both by myself and as given to patients in my capacity as nurse, I have no hesitation in recommending it as the very best tonic and stimulant for all weak and run-down conditions," &c., &c., with the words "Mrs. A. Schuman, 1576 Mozart st., Chicago, Ill.," at the end, not in quotation marks, but conveying the notion of a signature, or at least that the words were hers. The declaration alleged that the plaintiff was not Mrs. Schuman, was not a nurse, and was a total abstainer from whiskey and all spirituous liquors. There was also a count for publishing the plaintiff's likeness without leave. The defendant pleaded not guilty. At the trial, subject to exceptions, the judge excluded the plaintiff's testimony in support of her allegations just stated, and directed a verdict for the defendant. His action was sustained by the Circuit Court of Appeals. 154 Fed. Rep. 330; *S. C,* 83 C. C. A. 202.

Of course the insertion of the plaintiff's picture in the place and with the concomitants that we have described imported that she was the nurse and made the statements set forth, as

rightly was decided in *Wandt* v. *Hearst's Chicago American,* 129 Wisconsin, 419, 421. *Morrison* v. *Smith,* 177 N. Y. 366. Therefore the publication was of and concerning the plaintiff, notwithstanding the presence of another fact, the name of the real signer of the certificate, if that was Mrs. Schuman, that was inconsistent, when all the facts were known, with the plaintiff's having signed or adopted it. Many might recognize the plaintiff's face without knowing her name, and those who did know it might be led to infer that she had sanctioned the publication under an alias. There was some suggestion that the defendant published the portrait by mistake, and without knowledge that it was the plaintiff's portrait or was not what it purported to be. But the fact, if it was one, was no excuse. If the publication was libellous the defendant took the risk. As was said of such matters by Lord Mansfield, "Whatever a man publishes he publishes at his peril." *The King* v. *Woodfall,* Lofft, 776, 781. See further *Hearne* v. *Stowell,* 12 A. & E. 719, 726; *Shepheard* v. *Whitaker,* L. R. 10 C. P. 502; *Clark* v. *North American Co.,* 203 Pa. St. 346, 351, 352. The reason is plain. A libel is harmful on its face. If a man sees fit to publish manifestly hurtful statements concerning an individual, without other justification than exists for an advertisement or a piece of news, the usual principles of tort will make him liable, if the statements are false or are true only of some one else. See *Morasse* v. *Brochu,* 151 Massachusetts, 567, 575.

The question, then, is whether the publication was a libel. It was held by the Circuit Court of Appeals not to be, or at most to entitle the plaintiff only to nominal damages, no special damage being alleged. It was pointed out that there was no general consensus of opinion that to drink whiskey is wrong or that to be a nurse is discreditable. It might have been added that very possibly giving a certificate and the use of one's portrait in aid of an advertisement would be regarded with irony, or a stronger feeling, only by a few. But it appears to us that such inquiries are beside the point. It may

be that the action for libel is of little use, but while it is maintained it should be governed by the general principles of tort. If the advertisement obviously would hurt the plaintiff in the estimation of an important and respectable part of the community, liability is not a question of a majority vote.

We know of no decision in which this matter is discussed upon principle. But obviously an unprivileged falsehood need not entail universal hatred to constitute a cause of action. No falsehood is thought about or even known by all the world. No conduct is hated by all. That it will be known by a large number and will lead an appreciable fraction of that number to regard the plaintiff with contempt is enough to do her practical harm. Thus if a doctor were represented as advertising, the fact that it would affect his standing with others of his profession might make the representation actionable, although advertising is not reputed dishonest and even seems to be regarded by many with pride. See *Martin* v. *The Picayune*, 115 Louisiana, 979. It seems to us impossible to say that the obvious tendency of what is imputed to the plaintiff by this advertisement is not seriously to hurt her standing with a considerable and respectable class in the community. Therefore it was the plaintiff's right to prove her case and go to the jury, and the defendant would have got all that it could ask if had been permitted to persuade them, if it could, to take a contrary view. *Culmer* v. *Canby*, 101 Fed. Rep. 195, 197; *Twombly* v. *Monroe*, 136 Massachusetts, 464, 469. See *Gates* v. *New York Recorder Co.*, 155 N. Y. 228.

It is unnecessary to consider the question whether the publication of the plaintiff's likeness was a tort *per se*. It is enough for the present case that the law should at least be prompt to recognize the injuries that may arise from an unauthorized use in connection with other facts, even if more subtilty is needed to state the wrong than is needed here. In this instance we feel no doubt.

*Judgment reversed.*