## Otto C. Vondrak, Appellant, v. Reuben H. Donnelley, Appellee.

### Gen. No. 23,734.

1. LIBEL AND SLANDER, § 100*—*when declaration does not state cause of action for libel.* A declaration in an action on the case for libel, not averring special damage, alleging that defendant published the name of plaintiff, a dealer in window shades, under the heading "Wines and Liquors" in a classified telephone directory, does not state a cause of action.

2. EVIDENCE, § 44*—*what presumed.* It is presumed that a name

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

entered in a classified telephone directory will not be brought to the attention of a large number of persons.

Appeal from the Circuit Court of Cook county; the Hon. H. Sterling Pomeroy, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed May 15, 1918.

Oliver & Mecartney, for appellant.

George W. Brown, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

This is an action on the case for a libel, brought by Otto C. Vondrak against Reuben H. Donnelley. A demurrer was sustained to the declaration and the suit dismissed.

The libel alleged is found in a certain classified telephone directory, entitled, ''The Red Book,'' published and widely circulated in the City of Chicago, under the heading, ''Wines and Liquors,'' in words and figures as follows: ''Franklin 4203 Brinckmann-Vondrak Co. 160 N. 5th.'' It is alleged that this meant that plaintiff was then and there engaged in handling and selling intoxicating wines and liquors; that this was false; that plaintiff was not and never had been engaged in such business, but on the contrary plaintiff and his copartner, Theodore F. Brinckmann, were at the time engaged in the window shade business at No. 160 North Fifth avenue, under the firm name of Brinckmann-Vondrak Company; that at no time was plaintiff or his copartner Brinckmann engaged in the handling or selling of intoxicating wines or liquors of any description; and it is further averred that by reason of such publication by defendant plaintiff was injured in his good name, etc. There is no averment of special damages, and the question is, did the declaration state a cause of action?

Counsel for plaintiff say: ''The words complained

of permit of but one meaning—that plaintiff was engaged in the sale of intoxicating liquors. He was not then and never had been engaged in such business. One can best appreciate the effect of such words by asking himself the question, 'How should I feel to be advertised as being engaged in the wine and liquor business?' '' And it is argued that there is a moral question of great moment, as well as economic, involved. Continuing counsel say: ''The only question, therefore, involved in this appeal is: Whether or not the words of the publication in question are reasonably or fairly susceptible of any defamatory meaning as respects the plaintiff in his occupation or business, or tend to impair his credit, injure his character, disgrace him or deprive him of the confidence and goodwill of society or lessen its esteem for him, and thereby cause him mental distress.''

To sustain their contention that the declaration stated a cause of action, counsel rely on the case of *Peck v. Tribune Co.*, 214 U. S. 185. In that case the matter alleged to be libelous was found in an advertisement printed in The Chicago Sunday Tribune, and it was averred that the advertisement represented that plaintiff was a nurse and had for many years used Duffy's Malt Whisky as a tonic, both for herself and as a nurse, while the fact was that she was not a nurse, and did not either for herself or as a nurse use whisky. The Circuit Court of Appeals held that the advertisement was not libelous, or at most entitled plaintiff only to nominal damages. (154 Fed. Rep. 330, 83 C. C. A. 202.) The Supreme Court of the United States, however, held that the question was one for the jury. Mr. Justice Holmes, in delivering the opinion of the court, said (189): ''The question, then, is whether the publication was a libel. It was held by the Circuit Court of Appeals not to be, or, at most, to entitle the plaintiff only to nominal damages, no special damage being alleged. It was pointed out that there was no general

consensus of opinion that to drink whisky is wrong, or that to be a nurse is discreditable. It might have been added that very possibly giving a certificate and the use of one's portrait in aid of an advertisement would be regarded with irony, or a stronger feeling, only by a few. But it appears to us that such inquiries are beside the point. It may be that the action for libel is of little use, but, while it is maintained, it should be governed by the general principles of tort. If the advertisement obviously would hurt the plaintiff in the estimation of an important and respectable part of the community, liability is not a question of a majority vote.

"We know of no decision in which this matter is discussed upon principle. But obviously an unprivileged falsehood need not entail universal hatred to constitute a cause of action. No falsehood is thought about or even known by all the world. No conduct is hated by all. That it will be known by a large number, and will lead an appreciable fraction of that number to regard the plaintiff with contempt, is enough to do her practical harm. * * * It seems to us impossible to say that the obvious tendency of what is imputed to the plaintiff by this advertisement is not seriously to hurt her standing with a considerable and respectable class in the community."

It therefore appears in that case that from common knowledge, prima facie at least, the advertisement would be brought to the attention of a considerable class in the community and an appreciable number of such persons would regard plaintiff with contempt, and it would therefore do her practical harm. In the instant case, if we assume that the publication concerning plaintiff would, if brought to the attention of an "important and respectable part of the community," cause such part of the community to regard plaintiff with contempt, yet we think it obvious that the matter complained of would be brought to the at-

tention of, not a large part of the community, but only a very few; for it is obvious that a classified telephone directory is not read as a newspaper is, but that practically speaking only a few persons looking for persons engaged in the wine and liquor business would be informed of the publication, and it seems to us obvious that no considerable portion of such persons would look upon plaintiff in an unfavorable light. The number of persons who would think plaintiff engaged in the wine and liquor business would be further reduced by the fact that his individual name does not appear in the publication. We are therefore of the opinion, there being no averment of special damages, and the presumption being that the publication would not be brought to the attention of a large number of persons, that plaintiff has failed to state a cause of action.

The judgment of the Circuit Court of Cook county is affirmed.

*Affirmed.*