# Howard *v.* The Public Service Commission.

*Public Service Commission — Public Service Company Law — Common carriers—Jitneys—Operation without certificate of public convenience—Evidence.*

An order of the Public Service Commission, requiring respondent who did not have a certificate of public convenience to cease and to desist from operating a motor vehicle as a common carrier, will be affirmed, where it appeared that the latter conducted a line of autobusses, which moved on a regular schedule between certain localities, and received a uniform fare from any passenger who chose to ride.  Under such circumstances, there was competent testimony before the commission that the respondent was operating, as a common carrier without a certificate of public convenience, and the order of the commission was reasonable and in conformity with law.

Argued March 10, 1921.  Appeal, No. 26, March T., 1921, by respondent, from order of Public Service Commission, Complaint Docket No. 3560, in the case of Thomas Howard v. The Public Service Commission of the Commonwealth of Pennsylvania.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.  Affirmed.

Complaint by Wilkes-Barre Railway Company that the respondent Thomas Howard, was operating an auto-

bus line without a certificate of public convenience, as required by the Public Service Company Law.

The commission, after a hearing, made the following order:

This matter being before the Public Service Commission of the Commonwealth of Pennsylvania upon complaint and answer on file, and having been duly heard and submitted by the parties, and full investigation of the matters and things involved having been had, and the commission having on the date hereof found and determined that Thomas Howard, respondent, has since January 1, 1920, operated a motor vehicle as a common carrier of passengers upon routes and between points other than those covered by the certificate of public convenience granted to said respondent in Application Docket No. 1514:

Now, to wit, October 11, 1920, it is ordered: That the complainant be, and the same is, hereby sustained; and that Thomas Howard, respondent, his agents, servants, and employees forthwith cease and desist from operating motor vehicles as a common carrier of passengers upon routes and between points other than those covered by his certificate of public convenience granted in Application Docket No. 1514.

Respondent appealed.

*Error assigned* was the order of the commission.

*Arthur H. James,* for appellant.

*John Fox Weiss,* Assistant Counsel, for the Public Service Commission.

Opinion by Porter, J., July 14, 1921:

The appellant is engaged in the business of transporting passengers by means of autobusses in the City of Wilkes-Barre and vicinity. He operates autobusses, as a common carrier of passengers, along a route called the

Mallory Place Line, extending over certain streets in the City of Wilkes-Barre, and also a rural line from the Borough of Nanticoke to the village of Hunlocks Creek. He has operated the Mallory Place Line, in the city, continuously from a date prior to the effective date of the Public Service Company Law, and hence has no certificate of public convenience for that route. He holds a certificate of public convenience for the rural line from the Borough of Nanticoke to the village of Hunlocks Creek. Complaint was filed with the Public Service Commission that the appellant was carrying on the business of a common carrier in the transportation of passengers for hire between the City of Wilkes-Barre and the Borough of Plymouth; said business being carried on by means of one or more motor driven vehicles, making one or more trips daily between the aforesaid places. The Public Service Commission, after a full hearing and investigation, sustained the complaint and ordered the respondent to "cease and desist from operating motor vehicles, as a common carrier of passengers, upon routes and between points other than those covered by his certificate of public convenience, granted in Application Docket No. 1514." The respondent appeals from that order.

The complaint upon which the commission acted dealt only with the business then being carried on by the respondent, as a common carrier of passengers, between the Borough of Plymouth and the City of Wilkes-Barre. The order which the commission made must, therefore, be understood as not applicable to or in any manner affecting the operation of the vehicles of the appellant, upon the route within the City of Wilkes-Barre, known as the Mallory Place route, upon which the appellant had been operating as a common carrier before the Public Service Company Law became effective. The report and findings of the commission clearly indicate that it was not the intention of that body that the order which they had made should apply to the Mallory Place route. The find-

ing of the commission that the appellant was operating
as a common carrier, in the transportation of passengers
between Plymouth and Wilkes-Barre, as stated in the
complaint, is prima facie correct and true. We can only
reverse it in case the appellant here has met the burden
imposed upon him by the statute and satisfied us that
the order is unreasonable and not in conformity with
law.

The appellant is a resident of the Borough of Plym-
outh and the garage in which he keeps the motor
vehicles, used in his business as a common carrier, upon
the routes where he has the right to so operate, is there
located. The evidence disclosed that one of the motor
busses of the appellant regularly started from the Bull
Run Crossing in the Borough of Plymouth, at seven
o'clock every morning and there received all employees
of the Penn Tobacco Factory who desired to be trans-
ported, and, stopping at another point in the borough to
pick up such other of said employees as wished to ride,
carried them to the Penn Tobacco Factory in the City of
Wilkes-Barre, where the passengers left the vehicle,
which then proceeded to the public square, Wilkes-Barre,
the starting point of the Mallory Place route, over which
the appellant operated motor vehicles, as a common car-
rier of passengers. Each of the passengers whom he
thus transported from the Borough of Plymouth to the
tobacco factory paid five cents fare. The appellant's
motor bus receives such employees of the Penn Tobacco
Factory as wish to ride, at or near the factory, regularly
every afternoon at four-thirty o'clock and carries them
to the Bull Run Crossing in the Borough of Plymouth,
each passenger carried paying ten cents fare. There was
no evidence that this service was rendered under any con-
tract, either with the proprietors of the Penn Tobacco
Factory or the employees. The motor busses were there
upon schedule time and received the employees of the
tobacco factory who paid the fare, no matter whether
they were two, ten or twenty in number. Those who

rode paid fare, when they did not ride they were under no obligation to pay anything.  Another motor bus of the appellant left a designated point in Plymouth at eight o'clock every morning and carried passengers to the public square in Wilkes-Barre, and some time after five o'clock in the afternoon started from the public square, Wilkes-Barre, and made the return trip to Plymouth.  The respondent testified that as to this car he had a guarantee of $2.50 for each trip, under an arrangement with a man named Milton Jones, but his testimony would certainly have warranted a finding that a fare was regularly collected from each passenger in that car and that passengers were received as long as there was room in the car to accommodate them.  With regard to the car, the operation of which is last described, the testimony of the appellant was of such a character as to warrant the commission in considering all the circumstances surrounding the transaction, and the manner of the witness in testifying.  With regard to the car which, according to the testimony of the appellant, carried only the employees of the tobacco factory, the evidence was clearly sufficient to warrant a finding that the appellant was operating as a common carrier.  The trips were made on schedule time; those who rode paid a uniform fare; there was no contract that any person should ride; if the passengers were few the receipts were light, and if the motor bus was crowded the profits went to the appellant.  The customers of a carrier are limited by place, requirements, ability to pay and other facts.  The public does not mean everybody all the time: Peck v. Tribune Co., 214 U. S. 185; Terminal Taxicab Co. v. District of Columbia, 241 U. S. 252; Lloyd v. Haugh, 223 Pa. 148.  There was competent testimony to sustain the finding of the commission that the respondent was operating the motor busses, between Plymouth and the City of Wilkes-Barre, as a common carrier, and we find no ground for holding that the determination of the commission was not in conformity with law.

The order of the commission is affirmed, and the appeal dismissed at cost of the appellant.