## COFFEY v. MIDLAND BROADCASTING CO. et al.
### No. 9038.

District Court, W. D. Missouri, W. D.
Dec. 7, 1934.

James A. Reed and Robert J. Ingraham, both of Kansas City, Mo., for plaintiff.

Lathrop, Crane, Reynolds, Sawyer & Mersereau, of Kansas City, Mo., for defendant.

OTIS, District Judge.

The Midland Broadcasting Company, a Missouri corporation, whose principal place of business is in Kansas City, Mo., where it owns and operates radio station KMBC, on April 6, 1934, broadcasted through that station certain defamatory words concerning the plaintiff. The substance of the defamation was that the plaintiff was an ex-convict who had served time in the penitentiary. The defamatory words, probably requiring less than three seconds for utterance, were spoken into a receiving instrument in New York City by an employee of Remington Rand, Inc., a Delaware corporation, as a part of a radio program put out by that company through the facilities of the Columbia Broadcasting Company, a New York corporation. These facilities included a telephonic connection with station KMBC. There was a contractual arrangement between the Midland Company, on the one hand, and the Columbia and Remington Com-

panies on the other, whereby, for a consideration, the former company broadcasted for the latter companies the Remington Company's program. By the telephonic connection referred to, the program came to KMBC and through its instruments directly went out upon the air. The instruments of KMBC were in charge of and being operated by the employees of the Midland Company, but they had no knowledge that any defamatory words would be included in the program and no means whatever of interrupting them after they began to be spoken.

The plaintiff, in the state court, brought suit for damages against the three companies. The Columbia and Remington Companies petitioned for removal. The case was removed. Plaintiff has moved for an order remanding. Whether that motion should be sustained or overruled is the matter for decision.

So far as the Midland Company, the resident defendant, is concerned, the real facts are as they are set out in the first paragraph of this memorandum. The plaintiff knew, or by the slightest investigation could have learned, that such were the facts. The principal question presented, then, is whether the pleading of those facts is a statement of any cause of action whatever against the resident defendant. If it is, then I do not doubt that the cause of action so stated is not a separable controversy from the controversies with the nonresident defendants and the motion to remand should be sustained. If it is not, then the only controversies really in the case are with nonresidents and the motion to remand should be overruled.

1. I see no essential distinction between a situation in which the owner of a broadcasting station in Kansas City sells the privilege of speaking over the station for thirty minutes to X who, speaking in the local studio of the station, suddenly and unexpectedly utters a defamatory sentence concerning A and a situation in which the same station sells the same privilege to X, who, speaking in New York City, projects his defamation by telephonic means into the identical broadcasting apparatus in the Kansas City station. The mere matter of the distance of X from the broadcasting instrumentality when he speaks into it certainly cannot affect the liability of the owner of the station. Whether X's defamatory words reach the broadcasting instrumentality from afar by electrical impulses carried by wire or directly through air waves created by his voice certainly cannot affect the liability of the own-

er of the station. The situations essentially are identical. The greater simplicity of the first of the situations stated makes its consideration more convenient.

In my thought, then, I put the primary offender in the local studio of KMBC at Kansas City. I assume his good reputation; I assume that nothing in any former performance by him should put the owner of the station on inquiry; I assume even that he has submitted a manuscript and that nothing in it is questionable; I assume a sudden utterance by him of defamatory words not included in the manuscript, an utterance so quickly made as to render impossible its prevention; I assume, in short, a complete absence of the slightest negligence on the part of the owner of the station. With those assumptions is the owner of KMBC liable to one of whom the primary offender has falsely spoken as an ex-convict who has served time in a penitentiary?

The conclusion seems inescapable that the owner of the station is liable. It is he who broadcasted the defamation. He took the utterance of the speaker which came to him in the form of pulsations in the air. Those waves of air he changed into electrical impulses. Them he threw out upon the ether knowing they would be caught up by thousands and changed again into sound waves and into a human voice. He intended to do these things. But for what he has done the victim of the defamation never would have been hurt.

I conceive there is a close analogy between such a situation and the publication in a newspaper of a libel under circumstances exonerating the publisher of all negligence. The latter prints the libel on paper and broadcasts it to the reading world. The owner of the radio station "prints" the libel on a different medium just as widely or even more widely "read." In the case of the newspaper publisher absence of negligence is no defense. Peck v. Tribune Company, 214 U. S. 185, 189, 29 S. Ct. 554, 53 L. Ed. 960, 16 Ann. Cas. 1075. Yet he is not helpless. He knows that without any fault of him or of any of his employees some one some time surreptitiously may insert in his paper some line of libel. He takes that risk. He can insure himself against resulting loss through the subscription and advertising rates he charges or otherwise. The owner of a broadcasting station knows that some time some one may misuse his station to libel another. He takes that risk. He too can insure himself against resulting loss.

Learned counsel for nonresident defendants contends with earnestness and with subtle and finely reasoned argument that a more precise analogy is that between the situation here and that of a telephone company which, without negligence, carries over its wire words of defamation to some listener. The telephone company would not be liable, says counsel, citing, however, no decision to that effect. There are decisions holding telegraph companies not liable for libel in the absence of negligence. In a certain sense the telephone company does take a libelous message given it in the form of spoken words, changes it into electrical impulses, and sends it out over its wire. So far the analogy with what is done by the operator of a broadcasting station is good. But the analogy does not persist. The telephone company, assuming the absence of negligence, but carries a message (in a sealed envelope, as it were) from the sender to a single person. The operator of the broadcasting station publishes the message to the world. If this distinction is a practical one rather than theoretical, it is nevertheless a most significant distinction and quite enough to support an entirely different measure of responsibility.

The case here certainly is not like that in which one only provides another with an instrumentality which that other, all unsuspected by him who furnished it, uses to inflict injury. Here the instrumentality is operated by the owner for another who has hired him to operate it.

2. Naturally there is a paucity of precedents to which we may look for guidance. The only decisions in point are by the Supreme Court of Nebraska in Sorenson v. Wood, 123 Neb. 348, 243 N. W. 82, 82 A. L. R. 1098, and by the Supreme Court of Washington in Miles v. Louis Wasmer, Inc., 172 Wash. 466, 20 P.(2d) 847. The rulings in those cases are in accord with the views expressed in this opinion. While those cases might perhaps have been decided on the ground of negligence, they were decided on the ground of absolute liability for the broadcasting of defamation.

The conclusion is that upon the facts the plaintiff has a cause of action against the resident defendant and has stated that cause of action.