## MEMPHIS COMMERCIAL APPEAL, Inc., v. JOHNSON.

### No. 7460.

Circuit Court of Appeals, Sixth Circuit.

May 5, 1938.

G. T. Fitzhugh, of Memphis, Tenn. (Fitzhugh, Murrah & Fitzhugh, of Memphis, Tenn, on the brief), for appellant.

Phil M. Canale, of Memphis, Tenn. (Canale, Glankler, Loch & Little, of Memphis, Tenn., and P. M. Harbert, of Savannah, Tenn., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

Appellee, Mrs. J. C. Johnson, brought suit against appellant, Memphis Commercial Appeal, Inc., for libel and alleged in her declaration that on September 23, 1933, appellant, in the Memphis Commercial Appeal, a newspaper published by it, willfully, recklessly, falsely, and maliciously, and with the intention to injure her, wrote and published of and concerning her a certain false, libelous, and defamatory matter, to wit:

"Savannah, Sept. 22—(Ins)—A mysterious attack upon Mrs. J. C. Johnson found trussed in a coal bin in the basement of her home, and semiconscious from chloroform fumes, and was the object of police investigation today.

"Mrs. Johnson was found late yesterday after a child heard her groans and sent police to the rescue. She had recently received threatening letters from another woman who demanded that 'you must give my husband freedom so that he can live with me,' she told police.

"After taking the letter to a lawyer yesterday, Mrs. Johnson said, she returned to her home, went to the bedroom and lay down for a nap. The next thing she knew, she said, was a choking sensation and the fumes of chloroform."

The case was tried upon a plea of not guilty and issue joined thereon. Appellant insists that the proof failed to show any liability against it, and preserved its point by a motion for a directed verdict and by requested instructions which were refused.

The article was published as alleged and was true of Mrs. J. C. Johnson of Savannah, Ga., but was wholly untrue of appellee.

The court limited and simplified the issues by the following instruction:

"The court charges the jury that the plaintiff has presented no proof of any malice on the part of the defendant, therefore, even if you should find for the plaintiff, you cannot award any punitive damages. And the court charges you that no special damages have been proven.

"The court charges you that the plaintiff, in open court, has withdrawn and abandoned the allegation of her declaration that the defendant 'intending to injure plaintiff, did willfully, recklessly, falsely and maliciously write and publish of and concerning the plaintiff the alleged libelous and defamatory article of which she complains.' She has also, in open court, withdrawn and abandoned the claim alleged in her declaration that she is entitled to punitive damages; that is, to damages for an alleged injury intentionally and wrongfully inflicted upon her by the defendant. You, therefore, have no right, should you find for the plaintiff, to award her punitive damages against the defendant; but will understand that she has abandoned all claim and rights to punitive damages."

The article came to appellant from the International News Service, a reliable news agency, and was printed exactly as received. It did not localize the story by printing the word "Georgia" or the abbreviation "Ga." either in the date line or otherwise, but appellant knew that it came from Savannah, Ga. Savannah, Tenn., a town of approximately 1,000 people, is situated about 90 miles from Memphis, where the Commercial Appeal is published. The paper had a circulation of 69 in Savannah and something less than 100 in Hardin county, of which it is the county seat. The town was incorporated, though there was a short interval in 1933, when it was not. It was policed by county officers, and by a private officer employed by its merchants. Appellee was a teacher in its schools. She was 28 years old, had attended the University of Tennessee, and had removed to Savannah, Tenn., upon her marriage. She and her husband, who was superintendent of public instruction, lived in an apartment on the basement level of a hotel in Savannah. Back of their apartment and on the same level was the coal bin of the hotel. The apartment was known and referred to as their home.

There was evidence, which need not be recited in detail, that a substantial num-

ber of people, among them professional men, county officials, merchants, and teachers, read the article and understood it to refer to appellee. The following instruction to the jury was excepted to: "Gentlemen of the Jury, you may take into consideration whether or not the defendant exercised due care in inserting the initials 'INS' in the date line of the article involved in this suit after the word 'Savannah' and omitting from the date line the word 'Georgia.' If you find from the evidence that the defendant failed in this respect to localize and apply the article complained of to a Mrs. J. C. Johnson of Savannah, Georgia; and that the article as printed would be understood by a substantial number of ordinary sensible readers of the Commercial Appeal, living in and around Savannah, who knew the plaintiff, to refer to the plaintiff Mrs. J. C. Johnson of Savannah, Tennessee, then your verdict should be for the plaintiff."

We think this instruction was a fair statement of the law as applicable to the facts.

While the theory of intentional injury and actual malice had been abandoned by appellee, and was taken entirely out of the case by the instruction first above quoted, there yet remained the question whether appellee was injured by a negligent or careless publication of the article. In Peck v. Tribune Co., 214 U.S. 185, 188, 29 S.Ct. 554, 53 L.Ed. 960, 16 Ann.Cas. 1075, the court said (page 555): "A libel is harmful on its face. If a man sees fit to publish manifestly hurtful statements concerning an individual, without other justification than exists for an advertisement or a piece of news, the usual principles of tort will make him liable if the statements are false, or are true only of someone else."

Further (page 556): "It may be that the action for libel is of little use, but, while it is maintained, it should be governed by the general principles of tort."

See also Cooley on Torts, 4th Ed., Vol. 1, § 150.

█ We cannot say, as a matter of law, that appellant was free from negligence. The article was libelous per se when applied to any person other than Mrs. J. C. Johnson of Savannah, Ga. Appellant knew that it was a serious reflection upon the virtue and integrity of any innocent married woman to whom it might be applied. Savannah, Tenn., was in the expected orbit of its circulation and influence, and it had actual knowledge that its paper circulated there, and that the surname "Johnson" was common and familiar. It had no right to assume that no one in Savannah, Tenn., would answer the description of the "Mrs. J. C. Johnson" referred to in the article. While the article was intended to refer to Mrs. J. C. Johnson of Savannah, Ga., it does not follow that, as printed, it would not reflect upon the character and reputation of others. It was sensational and salacious, and appellant should have been particularly careful to see that it was accurate, for appellee was entitled to be protected in her character and reputation. Nothing more was required to prevent injury than the insertion of the abbreviation "Ga." in the date line.

█ If, upon a finding of negligence, the readers of the paper as above indicated were justified in believing that the article referred to appellee, her case was made out. See Washington Post Co. v. Kennedy, 55 App.D.C. 162, 3 F.2d 207, 41 A. L.R. 483. This leaves the question whether there was substantial evidence reasonably to justify their understanding that the article referred to appellee. The points of coincidence were several: (1) The names are identical, even to initials; (2) the places, Savannah; (3) the home or place of abode, situated near a coal bin. The use of the term "police" has a more doubtful application to Savannah, Tenn., but we have no doubt that the question under all the circumstances was properly one for the jury. Commercial Pub. Co. v. Smith, 6 Cir., 149 F. 704.

█ Appellant insists that it was entitled to a directed verdict because of a variance between the declaration and the proof. The point made is that the gravamen of the declaration was that appellant published the article with the specific intention of injuring appellee, while the proof indicated nothing more than negligence or carelessness. But as indicated by that portion of the charge first above quoted, some time during the trial appellee abandoned the allegation of any specific intention to injure her and without objection by appellant, so far as the record shows, the case proceeded to the close of the evidence upon the theory of negligence. The record fails to disclose anything in the procedure which tended to mislead appellant or which constituted harmful or reversible error. See Erie R. Co. v. Kennedy, 6 Cir., 191 F. 332.

The judgment is affirmed.