(97 App. Div. 525.)

WOOLWORTH v. STAR CO.

(Supreme Court, Appellate Division, First Department. November 11, 1904.)

1. LIBEL—ARTICLES LIBELOUS PER SE.

An article published of plaintiff, stating that his wife had announced that her life had been made unhappy because plaintiff neglected everything, her included, in his absorbing pursuit of millions, and that he sacrificed everything to his one passion, in consequence of which he and she were separated, is libelous per se, as holding plaintiff up to the contempt and scorn of the public.

Appeal from Special Term, New York County.

Action by Frank W. Woolworth against the Star Company. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Henry D. Hotchkiss, for appellant.
Clarence J. Shearn, for respondent.

PATTERSON, J. The court at Special Term sustained a demurrer to the complaint herein, and from the interlocutory judgment entered thereon this appeal is taken. The action is to recover damages for a libel. The defendant is the proprietor of a newspaper, and in that paper, on a day specified in the complaint, it published an article concerning the plaintiff, in which, after referring to his business and his great success in establishing it and evolving interests of great magnitude from very small beginnings, it goes on to refer to his complete absorption in the pursuit of money making, and then proceeds as follows:

"A sensation was created recently by the announcement made by Mrs. Woolworth that her life had been made unhappy because her husband neglected everything, herself included, in his absorbing pursuit of millions. She declared that he sacrificed everything to his one passion. Mrs. Woolworth and her husband are now separated, which she ascribes as due to the incompatibility of the artistic and the money-making temperaments."

No special damage is alleged in the complaint, and the court at Special Term sustained the demurrer, on the ground that the article complained of was not libelous per se. We differ with the court below in that view. The parts of the article above quoted indicate that upon the declaration of the plaintiff's own wife he is so base and sordid that he neglected everything, herself included, in his absorbing pursuit of money. That is a very singular construction of this article which regards it as not holding the person criticised up to scorn and

contempt. One of the meanest of all vices is the mere love of money, and when a man is accused of being affected by that vice so far as to lose sight of the duty he owes to his wife or to his family, he is made at once contemptible.

The article complained of is not of the innocent character ascribed to it by the learned judge at Special Term. Analyzing it, and ascertaining the meaning it would convey to the minds of ordinary newspaper readers, it asserts that the plaintiff and his wife are now separated, and that that separation was caused by the plaintiff sacrificing everything to his passion for money getting. "A written or printed statement or article published of or concerning another which is false, and tends to injure his reputation, and thereby expose him to public hatred, contempt, scorn, obloquy, or shame, is libelous per se." Triggs. v. Sun Print. & Pub. Co., 179 N. Y. 153, 71 N. E. 742. The plaintiff is right in his contention that the article he complains of holds him up to public contempt and scorn and to shame.

The interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to the defendant to withdraw demurrer, and to answer within 20 days after service of the order to be entered on this decision, on payment of costs in this court and in the court below. All concur.