O'NEILL v. STAR CO.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

1. LIBEL—WORDS ACTIONABLE—IMPUTING PERJURY.

A newspaper article stating that a married woman appeared in a criminal court to prosecute her husband for nonsupport, that the jewels she wore were mute opposing witnesses to her testimony of poverty, and that she wore costly gems while taking the stand to press the nonsupport case, does not charge her with perjury, though the basis of a proceeding for nonsupport is the likelihood of the wife becoming a public charge.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 54.]

2. SAME—STATEMENT AS TO INSTITUTION OF SUIT FOR DIVORCE.

It is libelous per se to falsely publish of a wife that her husband has instituted an action for divorce against her, for the action implies either neglect of marital obligations or absolute violation of them.

3. SAME—PRIVILEGED PUBLICATIONS.

A publication cannot be justified on the ground that it was a report of a judicial proceeding, where the report was false.

4. SAME—COMPLAINT—SUFFICIENCY.

Where the complaint for libel charged that defendant falsely published that plaintiff's husband had instituted an action for divorce against her, the complaint stated a cause of action as against a demurrer, though allegations that the publication charged her with perjury were insufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 184.]

Appeal from Special Term, New York County.

Action by Helene M. O'Neill against the Star Company. From an interlocutory judgment overruling a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

Clarence J. Shearn, for appellant.
Isaac V. Shavrien, for respondent.

HOUGHTON, J. The article published by defendant and set forth in plaintiff's complaint, to which defendant demurs on the ground that it does not state facts sufficient to constitute a cause of action, stated that the plaintiff appeared in a criminal court of Jersey City, in the state of New Jersey, upon a charge of nonsupport against her husband, which proceeding was dismissed upon the statement of the husband that he had instituted an action for divorce against her in the courts of that state. The heading of the article was:

"Diamonds Flash as She Pleads Poverty. Wearing Costly Gems, Wife of Dr. O'Neill Takes Stand to Press Nonsupport Case."

And in the body of the article it was stated that:

"The diamonds in Mrs. O'Neill's ears and the jeweled brooch at her throat were mute opposing witnesses to her testimony of poverty."

The complaint alleges that the proceeding referred to was instituted by plaintiff, and that she was a witness and gave testimony thereon, but that it was untrue that she wore diamonds and costly gems, and that by such false statements the defendant intended to charge plaintiff with willful false swearing.

We are of the opinion that the innuendo of perjury cannot be fairly drawn from the statement. It is true that the likelihood of a wife becoming a public charge is the basis of the proceeding for nonsupport against the husband. Before instituting such a proceeding, however, the wife is not obliged to pawn her jewels nor dispose of her unnecessary apparel. It is the duty of the husband if he be of sufficient ability to support his wife, although she may possess unnecessary jewels and ornaments; and the fact that she does possess them does not necessarily or fairly refute her claim that he has not performed his legal duty of furnishing her proper support and maintenance, and thus rendered himself liable to the quasi criminal charge of nonsupport. We agree with the defendant's contention that the article published by it does not charge plaintiff with the crime of perjury. The demurrer, however, is to the whole complaint on the ground that it does not state a cause of action.

It is alleged that the statement in the article that "Dr. O'Neill said he had instituted a suit for divorce against his wife in the New Jersey courts" was false and untrue. In a libelous sense this statement is equivalent to a positive assertion that plaintiff's husband had, in fact, brought such an action against her. We are of the opinion that it is libelous per se to falsely publish of a wife that her husband has instituted an action for divorce against her. If such a statement were published of residents of a state where the only ground of divorce was adultery, it would necessarily imply unchastity. It is urged that the statutory ground of divorce in the state of New Jersey is not pleaded, and that a divorce may be granted in that state for incompatibility of temperament, or some other cause not involving moral turpitude. Even if we assume that such statutory grounds exist in that state and that the action was for such lesser cause, still the false charge

that a husband has brought such an action against his wife imputes that she has been guilty of some wrong in her marital relations, and tends to injure her reputation and to expose her to public contempt, scorn, obloquy, or shame. A charge that a man had such a passion for money making that he neglected his wife is libelous per se. Woolworth v. Star Company, 97 App. Div. 525, 90 N. Y. Supp. 147. It is far more serious to state that an action for divorce has been brought upon any ground, for such action implies either neglect of marital obligations or absolute violation of them. The publication cannot be justified on the ground that it was a report of a judicial proceeding, because it is alleged that the report was false. It is true that the principal charge in the complaint is that defendant by its publication accused plaintiff of perjury. But, stripped of this allegation, the complaint still charges that the defendant falsely published that her husband had instituted an action for divorce against her. The complaint, therefore, states a cause of action, and the demurrer was properly overruled.

The interlocutory judgment should be affirmed, with costs, with leave to the defendant to withdraw the demurrer and plead upon payment of costs in this court and in the court below. All concur.