MICHAEL KATAPODIS et al., Respondents, *v.* THE BROOK-
LYN SPECTATOR, INC., Appellant.

Argued October 6, 1941; decided November 27, 1941.

*Charles Wilson* and *Edward H. Freiberger* for appellant.
The complaint is insufficient in law. (*O'Connell* v. *Press
Pub. Co.*, 214 N. Y. 352; *Sydney* v. *MacFadden Newspaper*

*Pub. Corp.*, 242 N. Y. 208; *Kleeberg* v. *Sipser*, 265 N. Y. 87; *Kimmerle* v. *New York Evening Journal, Inc.*, 262 N. Y. 99; *Moffatt* v. *Cauldwell*, 3 Hun, 26; *Martin* v. *Press Pub. Co.*, 93 App. Div. 531; *Battersby* v. *Collier*, 24 App. Div. 89; *Metzger* v. *Washington Post*, 40 App. [D. C.] 565; *Birmingham* v. *Daily Mirror, Inc.*, 175 Misc. Rep. 372; 261 App. Div. 838; *Hays* v. *American Defense Society*, 252 N. Y. 266.)

*Edmund F. Lamb* for respondents. The complaint properly states a cause of action as the publication was libelous *per sz.* (*Morey* v. *Morning Journal Assn.*, 123 N. Y. 207; *Bennet* v. *Commercial Advertiser Assn.*, 230 N. Y. 125; *Sydney* v. *MacFadden Newspaper Pub. Corp.*, 242 N. Y. 208; *Morrison* v. *Smith*, 177 N. Y. 366; *Martin* v. *Press Pub. Co.*, 93 App. Div. 531; *Cohen* v. *N. Y. Times Co.*, 153 App. Div. 242; *Gates* v. *New York Recorder Co.*, 155 N. Y. 228; *Kimmerle* v. *New York Evening Journal, Inc.*, 262 N. Y. 99; *Moffatt* v. *Cauldwell,* 3 Hun, 26; *Moore* v. *Francis*, 121 N. Y. 199.)

LOUGHRAN, J. Whether the complaint in this action states facts sufficient to constitute a cause of action for libel is the issue to be determined.

After reciting that the plaintiffs are residents of the borough of Brooklyn, city of New York, and that the defendant publishes a newspaper in that borough, the complaint goes on to allege:

" 4. That on the 4th day of October, 1940, the defendant composed for publication and published concerning the plaintiffs in the said newspaper, a certain article containing the false and defamatory matter following, to wit:

" ' PAUPER'S GRAVE FOR POOR CHILD

" ' By Buster Schneider

" ' Unless financial aid is forthcoming immediately, the body of a 4-year old boy, who was run over Tuesday will be interred in Potter's Field, burying ground of the homeless, friendless and penniless, who die or are killed in N. Y. C. The parents of this youngster are in dire financial straits, and at this writing have no alternative but to let their son go to his final rest in a pauper's grave.

" ' Tuesday morning, a truck, operated by John Queeno, 34, of 144 Bay 50th St. ran over the child while he was riding his tricycle on 101st St. and Jackson Ct., which is a street under construction.

" ' Detective Angelo Ruocco arrested Queeno who was held in $1,000 bail by Judge Masterson, Wednesday for a hearing on Oct. 10.'

" 5. That the child referred to in the aforesaid publication was the infant son of the plaintiffs herein.

" 6. That the matters stated in said publication as to the financial condition of the plaintiffs were wholly false."

We take the foregoing allegations to say that the only part of the article that was true was the statement that the child of the plaintiffs had been killed in the circumstances therein set forth. No innuendo is pleaded. Hence the question is: Are the false words of the publication on the face of them reasonably capable of a defamatory meaning? If so, the colloquium is sufficient. (*Corr* v. *Sun Printing & Publishing Assn.*, 177 N. Y. 131, 135; Rules of Civil Practice, rule 96.)

Defendant's argument is that the false words imputed to the plaintiffs nothing but poverty and that such an imputation could not without more expose the plaintiffs to ridicule. From that point of view the question of law is restated in this single sentence: Without a suggestion in the article to the discredit of the plaintiffs, how could any just and right-thinking reader entertain any feeling except sympathy for them? But this is a full solution of the case only if the law is that a written publication can never be a libel when its only effect is to make a person an object of pity. We are not apprised of any case in this court in which that matter has been examined upon principle.

In *Moffatt* v. *Cauldwell* (3 Hun, 26) a newspaper article which described the plaintiffs as relatives of wealthy persons, but as living in abject poverty, was held to be actionable. The court said: " As an abstract generality, it is true that mere poverty ought not to expose any citizen to ridicule. But the proposition that ridicule is a *non sequitur* from such an imputation, is not universally true.

20

One may be so circumstanced, and the fact of his alleged misery may be so put, as to excite ridicule and nothing else. * * * It comes to this, that the question, whether or no the matter is libelous, so as to be actionable, depends upon the style, scope, spirit and motive of every such publication, taken in its entirety. The inquiry is, then, into the natural effect of the publication, not only upon the general public, but upon the neighbors and friends of the person aimed at." (Per BARRETT, J., pp. 29–30.) True, the court in the *Moffatt* case used the word "ridicule." None the less for that, however, the reasoning of BARRETT, J., conveys the idea that the derogatory purport of the publication there in question was owing to its depiction of the plaintiffs as piteous creatures, and so the case has been understood. (Townshend on Slander and Libel [4th ed.], p. 220.)

Likewise, it has been said that a document which imputed insanity to a party was a "ridiculing writing," though such an imputation is far more likely to arouse sympathy and pity than to expose a man to hatred, ridicule or contempt. (*Perkins* v. *Mitchell*, 31 Barb. 461, 465. See *Moore* v. *Francis*, 121 N. Y. 199, 205, 206; Gatley on Libel and Slander [3rd ed.], p. 14.) Again, in *Youssoupoff* v. *Metro-Goldwyn-Mayer Pictures, Ltd.* (50 T. L. R. 581), it was held that a talking cinematograph film which said of a woman that she had been raped was a libel upon her. It is reasonably clear, therefore, that in some cases it may be a libel if the plaintiff has been written up as an object of pity. (See Salmond on Torts [9th ed.], p. 399.) The reason is that in libel the matter is defamatory not only if it brings a party into hatred, ridicule or contempt by asserting some moral discredit upon his part, but also if it tends to make him be shunned or avoided, although it imputes no moral turpitude to him. (See the *Youssoupoff* case, *supra*, at p. 583. Cf. *Shelby* v. *Sun Printing & Publishing Assn.*, 38 Hun, 474; 109 N. Y. 611; *Kimmerle* v. *New York Evening Journal, Inc.*, 262 N. Y. 99.)

There remains the inquiry whether, admitting this principle, the present case is within it. The manner in which the defendant set out the state of these plaintiffs is a significant fact. (*Moffatt* v. *Cauldwell, supra.*) The false words portrayed them as being steeped in poverty to the very lips. We think it is not for us to say that the publication of such a piece of news did not hurt the plaintiffs by tending to deprive them of friendly association with a considerable number of respectable members of their community. We believe it is the right of the plaintiffs to have a jury say whether the false words did, in fact, so defame them. (See *Peck* v. *Tribune Co.*, 214 U. S. 185; *Martin* v. *Press Publishing Co.*, 93 App. Div. 531.)

The order should be affirmed, with costs, and the question certified answered in the affirmative.

FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., dissents.

Order affirmed, etc.