THACKREY v. PATTERSON et al.
(two cases).

Nos. 9176, 9177.

United States Court of Appeals
District of Columbia.

Argued May 24, 1946.

Decided Oct. 28, 1946.

<del>

</del>

Mr. William E. Leahy, of Washington, D. C., with whom Messrs. Warren E. Magee, of Washington, D. C., and Morris L. Ernst, of New York City, were on the brief, for appellants.

Mr. Rudolph H. Yeatman, of Washington, D. C., for appellees.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

EDGERTON, Associate Justice.

These are libel suits brought by Dorothy S. Thackrey, publisher of the New York Post, and her husband Theodore O. Thackrey, its managing editor, against Eleanor Patterson, publisher of the Washington Times-Herald, and Austine Cassini, a Times-Herald writer. The complaints charge that the defendants published two newspaper articles which the complaints quote in full. The District Court ruled that the articles were not libelous per se and that the complaints made no sufficient allegations of special damage. The court therefore dismissed the complaints.

■■ The first article says, in terms or in effect, that the plaintiff wife bought the plaintiff husband with money; that she finds him disappointing as an editor, and also inadequate as a husband; that in both these capacities her desire is for a different man, Charles B. McCabe, publisher of the Daily Mirror; and that she and McCabe "are the subject of conjectures."[1] The second article correctly describes, and so in effect repeats, the first as "linking Mrs. Thack-

[1] "* * * Charles B. McCabe, handsome red-head, dressy publisher of the New York Daily Mirror, and Mrs. Theodore Olin Thackrey, sultry, dressy publisher of the New York Post, are the subject of conjectures.

"Dorothy married in the not too distant past her present managing editor, Ted Thackrey, * * * decided she and Thackrey had found the answer to their mutual interests tied up in one newspaper.

"But according to the saucy little rumors, which stemmed from her own sheet, she's no longer . . . well . . . so-o-o completely sure. Perhaps Thackrey isn't such a genius after all.

Maybe he isn't turning in the kind of work she expected for the paper, or on the home hearth, either.

"So stretching her pretty neck over the fence, Dorothy Schiff Hall Backer Thackrey, wealthy owner of the New York Post, is looking longingly at the green pastures in an adjacent field, where wanders handsome McCabe of the Daily Mirror.

"Dynamic, sandy-haired McCabe's smart appearance is not the only reason for sloe-eyed glances by la belle publisher sans merci. Dorothy insists she knows a good newspaperman when she sees one. And she watches with envy and admiration the excellent job McCabe

rey's name romantically with that of Charles B. McCabe." Obviously this romantic linking, and the first article as a whole, tend to hurt the standing of the plaintiff wife and also of the plaintiff husband "with a considerable and respectable class in the community."[2] It follows as a matter of law that the articles are libelous. A mere assertion of marital discord is libelous, and these articles go far beyond that.[3] Since their libelous meanings are obvious and do not depend upon extrinsic facts, it was unnecessary to plead extrinsic facts or an innuendo. It was also unnecessary to allege special damage. The court erred in dismissing the complaints.

Reversed.

---

does at the Mirror, both columnists and Colony-ists agree.

"She believed when she married Ted Thackrey that she had the best that money could buy in her managing editor. For all the world knows, she may have. Still, why is it the food on someone else's plate is always what you wish you'd ordered yourself?"

[2] Peck v. Tribune Co., 214 U.S. 185, 190, 29 S.Ct. 554, 53 L.Ed. 960, 16 Ann. Cas. 1075.

[3] Cf. Lyman v. New England Newspaper Pub. Co., 286 Mass. 258, 190 N.E. 542, 92 A.L.R. 1124; Sydney v. MacFadden Newspaper Pub. Corporation, 242 N.Y. 208, 151 N.E. 209, 44 A.L.R. 1419; O'Neill v. Star Co., 121 App.Div. 849, 106 N.Y.S. 973.