### GARIEPY v. PEARSON et al.
### No. 11492.

United States Court of Appeals
District of Columbia Circuit.

Argued March 20, 1953.

Decided June 11, 1953.

Petition for Rehearing Denied
July 28, 1953.
Writ of Certiorari Denied Dec. 7, 1953.
See 74 S.Ct. 241.

Mr. David W. Louisell, Washington, D. C., with whom Mr. Frank J. Whalen, Jr., Washington, D. C., was on the brief, for appellant.

Mr. William A. Roberts, Washington, D. C., with whom Mr. John Donovan, Washington, D. C., was on the brief, for appellees.

Before EDGERTON, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

The plaintiff appeals from a summary judgment for the defendants in an action based on broadcasts of appellee Drew Pearson over the network of appellee American Broadcasting Company, Inc. Gariepy v. Pearson, D.C., 104 F.Supp. 681. The Company examined the script in advance and admits it "caused" the words set forth in appellant's complaint to be broadcast.

Appellant is the former wife of Bernard F. Gariepy of Michigan. She divorced him in 1943. In appellees' broadcast from Washington on January 30, 1949, they said: "Detroit. The Justice and Treasury Departments have ordered the prosecution of Dr. Bernard F. Gariepy of Royal Oak, Michigan, in a strange income-tax case indirectly involving Father Coughlin. Dr. Gariepy's defense is that Father Coughlin gave him $68,000 because of alienation of affection of Mrs. Gariepy by the radio priest. The Justice Department plans to prosecute Gariepy anyway." In their broadcast of February 6, 1949, appellees said: "Despite denials, the income tax case of Dr. Bernard F. Gariepy, indirectly involving Father Coughlin, will be brought to trial. When that trial takes place we will see who was really telling the truth."

Appellant claims the broadcasts were understood to imply that she was an unchaste wife.[1]

Doubtless the appellees had no desire to harm the appellant. However, the question is not whom they aimed at but whom they hit. We agree with the District Court that the words "alienation of affection" do not usually imply unchastity. But that, again, is not the question. The law does not strip words to their minimum meaning and ignore their implications. It does not ignore their context. The words "Smith got rich fast" would not imply corruption, but the words "Smith got rich fast while he was a tax assessor" might. In the statement, " * * * Father Coughlin gave him $68,000 because of alienation of affection of Mrs. Gariepy * * *", the unusual amount might be thought to imply unusual circumstances.

" 'It is only when the court can say that the publication is not reasonably capable of any defamatory meaning, and cannot reasonably be understood in any defamatory sense, that the court can rule, as matter of law, that the publication is not libellous.' " Meyerson v. Hurlbut, 68 App.D.C. 360, 362, 98 F. 2d 232, 234, 118 A.L.R. 313. Peck v. Tribune Co., 214 U.S. 185, 29 S.Ct. 554, 53 L.Ed. 960. Therefore the question for the court in the present case was whether appellees' broadcasts might reasonably be understood as implying that appellant was an unchaste wife. In our opinion they clearly might. It followed that a jury should be permitted to decide whether they actually were so understood. "If there are listeners who reasonably understand the words in a defamatory sense, the fact that more of those who hear them will give them an innocent meaning will not prevent defamation." Prosser on Torts (1941), p. 789. If the words "obviously would hurt the plaintiff in the estimation of an important and respectable part of the commu-

---

[1]. Alienation of affection obviously implies some degree of marital discord. In general, assertion of marital discord is libelous, Thackrey v. Patterson, 81 U.S.App. D.C. 292, 157 F.2d 614. But because of the divorce, appellant makes no claim on that theory.

nity, liability is not a question of a majority vote. Peck v. Tribune Co., supra, 214 U.S. at page 190, 29 S.Ct. at page 556.

Reversed.

WILBUR K. MILLER, Circuit Judge (dissenting).

I think the innuendo pleaded by the appellant is not borne out by the broadcast. I would affirm on the basis of the opinion of District Judge James W. Morris. Gariepy v. Pearson, D.C.1952, 104 F. Supp. 681.