■ JOHN P. ROBERT, Respondent, v. TROY RECORD COMPANY, Appellant.— REYNOLDS, J. Appeal from an order of the Supreme Court, Albany County, denying appellant's motion to dismiss respondent's complaint pursuant to CPLR 3211. Respondent brings the instant libel action on the basis of an article appearing in appellant's newspaper which indicates that one Anthony L. Cerulli, described as "Cohoes GOP Third Ward Association president", had been charged with second degree assault for striking John P. Robert, described as the "Democratic member of the Cohoes Planning Commission", on the head with a cane at the Republican summer outing. Admittedly, the John P. Robert who brought the criminal charge was not respondent, who is, in fact, the Democratic member of the Cohoes Planning Commission. Since the complaint alleges no extrinsic facts (*Sydney* v. *MacFadden Newspaper Pub. Corp.*, 242 N. Y. 208, 211) or innuendo (*Tracy* v. *Newsday, Inc.*, 5 N Y 2d 134, 136) the sole issue is whether the article was libelous per se. Special Term in denying the appellant's motion to dismiss found that the article was libelous per se in that it would cause members of respondent's community to "shun or avoid him and hold him up to contempt and scorn." We cannot agree. In determining if an article is libelous per se the article "must be read as a whole and the words and phrases must be construed together in context". (*Tracy* v. *Newsday, Inc., supra*, p. 137.) Words alleged to be libelous are to be taken in their natural meaning (*Crane* v. *New York World Tel. Corp.*, 308 N. Y. 470, 474; *Mencher* v. *Chesley*, 297 N. Y. 94, 99) and construed as persons generally understand them according to their ordinary meaning (*Crane* v. *New York World Tel. Corp., supra*, p. 474). Applying these principles to the instant article it is clear that it states no more than that respondent brought a criminal charge against Cerulli because he struck him on the head with a cane at the Republican summer outing. The article does not characterize the actions of the respondent or give any additional information on the circumstances of the assault or respondent's relations with Cerulli (*Loudin* v. *Mohawk Airlines*, 27 A D 2d 517, cf., *Raffa* v. *Shilbury*, 24 A D 2d 814). Nothing said in the article can be shown to affect respondent's business (*Shakun* v. *Sadinoff*, 272 App. Div. 721) or would permit more than speculation that respondent was guilty of unseemly or improper conduct

(*Nichols* v. *Item Publishers,* 309 N. Y. 596; *Loudin* v. *Mohawk Airlines, supra*). The articles characterize respondent as the victim, not the aggressor, and indicate he is bringing criminal charges, not being accused of crime. Possibly, he may suffer some embarrassment and be the brunt of friendly jest, but we cannot see that he will be subjected to "ridicule or contempt by asserting some moral discredit upon his part" (*Katapodis* v. *Brooklyn Spectator,* 287 N. Y. 17, 20) or that his reputation will be affected. "Though the report may be false and probably offensive, it is not actionable." (*Tracy* v. *Newsday,* p. 138.) Order reversed, on the law, and motion granted, with costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli JJ., concur in memorandum by Reynolds, J.