■ ZAHAVA MARKMAN, as Administratrix of the Estate of STANLEY MARKMAN, Deceased, Appellant, v MORRIS N. KOTLER, Respondent.—In a wrongful death action, plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered January 9, 1975, which is in favor of defendant, upon a jury verdict. The appeal also brings up for review an order of the same court, dated December 30, 1974, which denied plaintiff's motion to set aside the verdict and for a new trial, on the ground of juror misconduct. Judgment and order affirmed, with one bill of costs. The trial

court properly charged the provisions of the "good samaritan" statute (Education Law, § 6527, subd 2). The jury might reasonably have found, on the basis of the testimony of plaintiff's experts, that a continuing emergency situation existed after the decedent's onset of severe chest pains. There is no merit to plaintiff's contention that the "good samaritan" statute applies only where a doctor administers emergency aid to a stranger. No such limitation appears in the statute, and, indeed, such a limitation could produce illogical and inequitable results. Contrary to plaintiff's position on this appeal, it appears that the trial court did in fact instruct the jury that the defendant would not be held to a lesser standard of care if the emergency were self-created. Indeed, the jury was also instructed that it could find for the plaintiff if the defendant's conduct decreased decedent's chances of survival. Nor is there any merit to plaintiff's contention that the jury should have been instructed to consider the decedent a "disabled person" in passing upon the issue of his contributory negligence (PJI 2:47). While plaintiff did urge a broader definition of disability based on decedent's lack of sufficient knowledge, no mention was made of the novel and expanded concept of "disability" argued for on this appeal. Plaintiff is therefore precluded from attacking the court's failure to give such a charge (CPLR 4017, 5501, subd [a], par 3; see *Brown v Du Frey*, 1 NY2d 190, 195; see, also, *Knobloch v Royal Globe Ins. Co.*, 38 NY2d 471). It was within the sound discretion of the trial court to consider plaintiff's postverdict motion on the affidavits alone (see CPLR 2218). Under all the circumstances, we cannot say that the trial court abused its discretion. Hopkins, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.