OPINION OF THE COURT
Harold Tompkins, J.
Defendant, the Daily News, moves for summary judgment dismissing plaintiffs’ complaint in this action for defamation and violation of plaintiffs’ rights under sections 50 and 51 of the Civil Rights Law. These causes of action arise from the publication of a drawing of two boys used in connection with a story in the New York Sunday News Magazine of April 26, 1981 entitled “The Youngest Professionals — If You Break the Law — And You’re Young Enough — The Cops Can’t Touch You”. Plaintiffs claim that the drawing is actually a reproduction of a photograph taken of them by Leland Neff who is the free *303 lance artist that drew the illustration for defendant. The artist allegedly lives in the same building as plaintiff Marx Mercedes.
The illustration depicts two boys engaging in an exchange of money and a bag. When viewed as an illustration of the adjacent article it depicts a drug transaction taking place.
Defendant contends that the free-lance artist was instructed by its art director to furnish a drawing of two boys, one black and one white, involved in a transaction resembling a drug exchange. The boys were to be typical but anonymous. Neff had furnished illustrations for defendant in the past. Defendant’s art director states that it is the standard journalistic practice to use drawings to illustrate articles on crime-related topics in order to avoid potential legal problems which can arise from the use of photographs. Defendant contends that it did not know that the artist used a photograph as a model for the illustration. It submits an affidavit from Neff in which he states he substantially altered the appearance of the two boys when making the illustration.
Plaintiffs on the other hand argue that their appearance in the illustration is virtually identical to the photograph taken; that they were identified by friends as appearing in the illustration and that the illustration held them up to contempt, ridicule, and scorn in their community since they were depicted as involved in drug trafficking. They also assert that the photo and illustration were used without their consent.
Plaintiffs’ first cause of action alleges libel. A libel need not be in words but may take the form of a picture or drawing (34 NY Jur, Libel and Slander, § 21, p 492). If the picture brings a person into hatred, contempt or ridicule, the publication of the picture will be actionable (Brown v Du Frey, 1 NY2d 190, 196). Here, plaintiffs allege the publication of the illustration depicting the infant plaintiffs engaged in a drug transaction held them up to contempt, ridicule and scorn in the community in that a reasonable person would conclude that the infant plaintiffs were involved in drug use and sale.
*304 Defendant argues that there can be no libel here because infant plaintiffs are not depicted in the illustration, and further that there was no gross irresponsibility or actual malice on the part of defendant since the topic of the article was a matter of public interest within the “sphere of legitimate public concern” (Chapadeau v Utica Observer-Dispatch, 38 NY2d 196,199). Defendant also asserts that it had no reason to question the method of preparation of the illustration.
Defendant’s contention that in order for libel to be established there must be a finding of gross irresponsibility on its part is without merit. That standard applies where a matter of public interest is reported and an individual actually connected to that matter is depicted in the story or publication. Here, the two boys pictured in the illustration have no connection whatsoever with the matter being published. Thus, the question of defendant’s liability on the cause of action for libel cannot be answered by simply arguing that under Chapadeau v Utica Observer-Dispatch (38 NY2d 196, supra), the defendant must have been grossly irresponsible. This argument could be made in situations where an individual is defamed in an article or picture to which the individual has some relationship. Defendant continues to argue that the test is gross irresponsibility because the article and illustration in question describe drug use which is a matter of public interest. However, there is no dispute that the infant plaintiffs have no connection to drugs or the article in question. If infant plaintiffs were alleged drug users and were identified as such and brought this action, this argument might have merit.
Where Chapadeau (supra) and the gross irresponsibility test is relevant is on the question of whether and to what extent defendant was responsible for the actions of the free-lance artist and the extent to which defendant had an obligation to inquire of the artist as to the method of sketching the illustration.
Plaintiffs have not established that the defendant had any reason to doubt that the artist would follow instructions and provide an illustration that depicted anonymous boys. As the court stated in Karaduman v Newsday, Inc. *305 (51 NY2d 531, 549), decisions in this regard must be made with an eye toward the realities governing the operation of the institutional press. A publisher has “no realistic choice but to assume that its carefully designed internal procedures for ensuring accuracy have been effective, at least in the absence of some fact ‘that would arouse the suspicions of a careful publisher or that would give cause for further inquiry’ ” citing James v Gannett Co. (40 NY2d 415, 424).
Plaintiffs have not demonstrated that defendant had any reason to question the work of the free-lance artist or whether instructions had been followed in preparing the illustration. Plaintiffs have simply failed to demonstrate the existence of a triable issue of fact on this question. Accordingly, defendant’s motion for summary judgment on the libel cause of action is granted.
The other cause of action set forth in the complaint alleges violation of the infant plaintiffs’ right to privacy under sections 50 and 51 of the Civil Rights Law. Defendant contends that summary judgment dismissing this cause of action must be granted because there is no evidence of actual malice by defendant in publishing the illustration. This contention is completely without merit.
There is no common-law right to privacy in this State. (Cohen v Herbal Concepts, 100 AD2d 175.) It was not until the enactment of sections 50 and 51 of the Civil Rights Law that a right to privacy was recognized. Section 51 of the Civil Rights Law protects against the commercial exploitation of one’s “name, portrait or picture”. A cause of action under section 51 of the Civil Rights Law has two elements, the commercial use of a person’s name, portrait or picture and the failure to procure the person’s consent.
In this case the latter element is not at issue; it is clear there was a failure to obtain the consent of plaintiffs to publish the illustration. The fate of plaintiffs’ right of privacy claim hinges upon the first element, the commercial use of the infant plaintiffs’ portrait in the illustration. The portraits must have been used for “advertising or trade” to come within section 51 of the Civil Rights Law. A use has been considered one for advertising or trade where there is no real relationship between the use and the newsworthy article (Arrington v New York Times Co., 55 *306 NY2d 433, 440; Murray v New York Mag. Co., 27 NY2d 406, 409; Davis v High Soc. Mag., 90 AD2d 374, 381). This is the case here, where there is no dispute that the youths pictured were not actually engaging in a drug transaction but posed for the picture and simulated a drug purchase. Accordingly, their portrait has no real relationship to the article and is deemed one for advertising or trade. Thus, infant plaintiffs have established the two elements of a claim under section 51 of the Civil Rights Law. However, there remains an issue as to the identification of plaintiffs in the illustration. Infant plaintiffs contend the illustration clearly depicts them, whereas defendant asserts that the artist substantially altered their appearance and that the illustration depicts anonymous individuals. The question of the identification is a clearly factual one which can only be resolved at trial. (Cohen v Herbal Concepts, 100 AD2d 175, supra.)
Accordingly, defendant’s motion for summary judgment is denied as to the infant plaintiffs’ causes of action for violation of the right to privacy under sections 50 and 51 of the Civil Rights Law. That branch of the motion seeking summary judgment dismissing the causes of action asserted by the parents individually is granted. That branch of the motion seeking summary judgment dismissing the libel cause of action brought by the infant plaintiffs is granted.